[Cite as *Bennett v. Dept. of Rehab. & Corr.*, 2011-Ohio-1422.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DONALD BENNETT

     Plaintiff

     v.

DEPARTMENT OF REHABILITATION AND CORRECTION

     Defendant
     Case No. 2009-09396

Judge Clark B. Weaver Sr.
Magistrate Matthew C. Rambo

MAGISTRATE DECISION

{¶ 1} Plaintiff brought this action alleging that an employee of defendant assaulted him. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 2} At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Warren Correctional Institution (WCI) pursuant to R.C. 5120.16. Plaintiff alleges that "two days before Veteran's Day 2009" he was assaulted without provocation by WCI Corrections Officer (CO) Raymond Farrell.

{¶ 3} Plaintiff testified that on the afternoon of the incident he and several other inmates were in the "day room" of his housing unit playing cards. Plaintiff stated that he was taking medication that made it necessary for him to urinate frequently. According to plaintiff, when he had to use the restroom, it was necessary for the CO on duty to escort him to his cell and open it for him as the cells were kept locked during the afternoon. Plaintiff testified that CO Farrell was the officer on duty that day and that, after several such trips to his cell, Farrell became irritated and would not permit him into

the cell.  Plaintiff stated that a brief argument ensued whereafter Farrell pointed a can of mace at his face, and ordered plaintiff to place his hands on the wall.  According to plaintiff, he complied with the order but Farrell punched the sides of his torso and kicked his feet out from underneath him, causing him to fall and hit the right side of his face on the floor.  Plaintiff testified that he was sent to the "hole" for two days as a result of the incident.

{¶ 4}  Derek Mott was housed in the same housing unit as plaintiff.  Mott testified that he was returning from his cell on an upper level of the unit when he saw plaintiff standing against a wall crying with Farrell nearby.  According to Mott, Farrell told him that plaintiff had "resisted," but that he did not mean to knock him down or hurt him. Mott stated that when Farrell let plaintiff into his cell, plaintiff was crying hysterically and complaining that  he was in pain.  After a brief period of time, plaintiff was escorted to the infirmary for treatment.

{¶ 5}  Farrell testified that he was the "pod" officer working the 2:00 p.m. to 10:00 p.m. shift on the day of the incident.  According to Farrell, only two COs are assigned to the housing unit during that shift and are responsible for guarding 128 inmates.  Farrell stated that in his experience as a CO, it is well-known that inmates in this type of setting try to distract the COs so that other inmates can sneak out of the housing unit.  Farrell noticed that every time plaintiff asked to go to his cell to use the restroom, other inmates in the unit began to move suspiciously around the unit, and that after the third time plaintiff had asked to go to his cell, the other CO on duty caught an inmate trying to sneak out of the unit.  According to Farrell, when plaintiff noticed the other inmate being caught, he told Farrell that he no longer had to use the restroom.  Farrell then decided to confine plaintiff in his cell for the rest of his shift, and ordered him into the cell.  When plaintiff refused the order, Farrell ordered plaintiff to face the wall and place his hands over his head on the wall.  Farrell related that he then began to"pat down" plaintiff but, before he finished, plaintiff began crying hysterically and threw himself to the ground.

After a few moments, plaintiff calmed down and complied with the order to enter his cell. Farrell testified that he did not strike or kick plaintiff or use any other force against plaintiff and, therefore, did not prepare a report following the incident.

{¶ 6} The Ohio Administrative Code sets forth the circumstances under which force may be lawfully utilized by prison officials and employees in controlling inmates. Ohio Adm.Code 5120-9-01(C) provides, in relevant part:

{¶ 7} "(2) Less-than-deadly force. There are six general circumstances in which a staff member may use force against an inmate or third person. A staff member may use less-than-deadly force against an inmate in the following circumstances:

{¶ 8} "(a)  Self-defense from physical attack or threat of physical harm;

{¶ 9} "(b)  Defense of another from physical attack or threat of physical attack;

{¶ 10} "(c)  When necessary to control or subdue an inmate who refuses to obey prison rules, regulations or orders;

{¶ 11} "(d)  When necessary to stop an inmate from destroying property or engaging in a riot or other disturbance;

{¶ 12} "(e)  Prevention of an escape or apprehension of an escapee; or

{¶ 13} "(f)  Controlling or subduing an inmate in order to stop or prevent self-inflicted harm."

{¶ 14} The court has recognized that "corrections officers have a privilege to use force upon inmates under certain conditions. * * * However, such force must be used in the performance of official duties and cannot exceed the amount of force which is reasonably necessary under the circumstances. * * * Obviously 'the use of force is a reality of prison life' and the precise degree of force required to respond to a given situation requires an exercise of discretion by the corrections officer." *Mason v. Ohio Dept. of Rehab. & Corr.* (1990), 62 Ohio Misc.2d 96, 101-102. (Internal citations omitted.)

{¶ 15} The court finds that Farrell's recounting of the incident is the more credible than that of plaintiff and Mott. Plaintiff did not produce any documentary evidence to

support his version of events or to show that he suffered any injury as a result of the incident. Accordingly, judgment is recommended in favor of defendant.

*A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
MATTHEW C. RAMBO
Magistrate

cc:

James P. Dinsmore                          Donald Bennett, #535-584
Assistant Attorney General                 P.O. Box 120
150 East Gay Street, 18th Floor            Lebanon, Ohio 45036
Columbus, Ohio 43215-3130

MR/cmd
Filed March 4, 2011
To S.C. reporter March 22, 2011